UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LAURA DUTTON, | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:13-CV-180 |
| JAYSON FRY, former City of Estelline police officer, in his individual and official capacities; CHRIS JOLLY, City of Memphis police chief, in his individual and official capacities; and CITY OF ESTELLINE, TEXAS | § § § § § § § § | |
| Defendants. | § | |

## DEFENDANTS' TRIAL BRIEF

TO THE HONORABLE COURT:

Defendants, JAYSON FRY, former City of Estelline police officer, in his individual and official capacities, CHRIS JOLLY, City of Memphis police chief, in his individual and official capacities; and CITY OF ESTELLINE, TEXAS ("Defendants") file this trial brief as follows:

I. **Introduction**

Plaintiff filed suit under 42 U.S.C. § 1983 for alleged violations of her Fourth Amendment rights arising out of her arrest in which Estelline Officer Fry and Memphis Police Chief Jolly were involved.

II. **The Public Information Act**

The Public Information Act ("the Act") is one of Texas' open government laws that "enshrines Texans' right to access the information that governmental bodies produce—and outlines the process by which the public can request that information and how governmental bodies should

respond." PUBLIC INFORMATION HANDBOOK 2014 (Attorney General Letter).

The Act is triggered when a requestor submits a written request for information to the governmental body. TEX. GOVT. CODE § 552.301(a); *Open Records Decision* No. 304 at 2 (1982). Importantly, a verbal request does <u>not</u> require the governmental body to respond to the requestor or request a ruling from the Attorney General. *Open Records Decision No.* 304 at 2 (1982) (emphasis added). A written request should be directed to the officer of public information; however, a written request that can reasonably be judged to be a request for public information is sufficient to trigger the Act and put the governmental body on notice such a request has been made. *Open Records Decision* No. 44 at 22 (1974). Both email and facsimile transmissions qualify as written requests under the Act. TEX. GOVT. CODE § 552.301(c).

Upon receiving a written request, the governmental body has a duty to produce public information promptly to the requestor. TEX. GOVT. CODE § 552.201; *Open Records Decision* No. 660 at 4 (1999). The Act allows the governmental body a reasonable amount of time to produce the requested information; however, the governmental body is not entitled to delay. TEX. GOVT. CODE § 552.221(a); *see Open Records Decision* No. 467 at 6 (1987). The amount of time that is deemed to reasonable depends on the facts of the case and the volume of information that is requested. *Id.*

In addition to documents, if public information exists in an electronic or magnetic medium, the requestor may request and receive a copy. TEX. GOVT. CODE § 552.225(b) (provided that the governmental body has the technological ability to produce the information in said medium, is not required to purchase additional software or hardware in order to accommodate the request, and no copyright agreement is violated in the production of such information).

There are criminal penalties for the withholding of information that must be released. TEX. GOVT. CODE § 552.352(a). A violation of applicable statutes addressing the disclosure of public

information by a governmental body constitutes official misconduct and is classified as a criminal misdemeanor. *Id*. §§ 552.352, .353. Additionally, the Act criminalizes the "willful destruction, mutilation, removal without permission, or alteration of public records." *Id*. § 552.351(a); *see also* TEX. PENAL CODE § 37.10 (tampering with governmental record).

Civil remedies are also available to the requestor. The requestor may file a suit for a writ of mandamus to compel the governmental body to release the requested information. TEX. GOVT. CODE § 552.351. Also available to the requestor is a civil suit seeking a declaratory judgment or injunctive relief for violations of the act which is equivalent with filing a formal complaint. *Id*. § 552.3215. When such a complaint is properly filed, the governmental body must be given the opportunity to cure the alleged violation. *Id*. Here, Plaintiff is only bringing claims under 42 U.S. C. § 1983 for alleged violations of her Fourth Amendment rights.

### III.     **Plaintiff's Request for Spoliation Instruction**

The Supreme Court of Texas has provided that "[b]ecause parties have a duty to reasonably preserve evidence, it is only logical that they should be held accountable for either negligent or intentional spoliation." *Trevino v. Ortega*, 969 S.W.2d 950, 957 (Tex. 1998) (Baker, J., concurring). In Texas, there are only three questions that need to be answered when analyzing a claim of spoliation: 1) whether there was a duty to preserve evidence; 2) whether the spoliator breached that duty; and 3) whether the spoliation prejudiced the nonspoliator's ability to present its case or defense. *Id*. at 954–55. Here, all three questions can be answered in the negative.

The public information officer of the City of Memphis did not receive a written request from Plaintiff for public information; therefore, the governmental body was under no duty to produce video recordings to Plaintiff. Without any written request to produce said information, the video

recordings were subjected to the ordinary course of business—after the requisite 90 days, the video recordings were deleted in accordance with the City of Memphis Police Department policies. No duty existed for the City of Memphis to preserve the evidence when there was no written Public Information Act request, there were no pending criminal charges against Plaintiff, and this federal lawsuit had not been filed. Because there was no duty, it could not be breached.

A party is entitled to a remedy when spoliated evidence hinders its ability to present its case or defense. *Trevino*, 969 S.W.2d at 958. In determining whether Plaintiff will be prejudiced by Defendants' failure to preserve evidence, the Court should look to a variety of circumstances such as (1) the harmful effect of the missing evidence, and (2) the availability of other evidence to take the place of the missing information. *Clark v. Randalls Food*, 317 S.W.3d 351 (Tex.App.—Houston [1st Dist.] 2010, pet. denied). The missing evidence does not have a harmful effect and there is other evidence to take the place of the video.

Here, there is no evidence that Plaintiff made a proper written request to Defendants under the Government Code regarding the preservation of videos. Thus, Defendants had no duty to preserve evidence that was ultimately destroyed in the regular course of business. Consequently, there is no "spoliated evidence" at issue.

Respectfully submitted,
**SPROUSE SHRADER SMITH PLLC**
**Lee Ann Reno, State Bar No. 00791509**
**Leeann.reno@sprouselaw.com**
**Alex Yarbrough, State Bar No. 24079615**
**Alex.yarbrough@sprouselaw.com**
**Malerie T. Anderson, State Bar No. 24087102**
**Malerie.anderson@sprouselaw.cm**
701 S. Taylor, Ste 500
P. O. Box 15008
Amarillo, Texas 79105-5008
(806) 468-3300; (806) 373-3454 fax

By:  /s/ Lee Ann Reno
    Lee Ann Reno
**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2014, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

**ATTORNEYS FOR PLAINTIFFS:**

| | |
|---|---|
| Alex Castetter | George Whittenburg |
| Stuckey, Garrigan & Castetter Law Offices | Whittenburg, Strange & Walker PC |
| P.O. Box 631902 | 1010 S. Harrison |
| Nacogdoches, TX 75963-1902 | Amarillo, TX 79101 |

                                                           /s/ Lee Ann Reno
                                                         Lee Ann Reno

790483_1.DOCX
8801.157